UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SWANSON, | ) |
| Plaintiff, | ) Case No. 2:14-cv-00083-JAD-CWH |
| vs. | ) **ORDER** |
| DURA-BOND BEARING CO., *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Defendant Prab Conveyors, Inc.'s ("Prab") Motion to Stay Discovery (#15), filed May 23, 2014. The motion is unopposed.[1] By way of this motion, Defendant Prab, the only remaining defendant in this case, requests that discovery be stayed pending resolution of its motion to dismiss (#2). The motion to dismiss was filed on January 16, 2014, and is currently set for oral argument on July 7, 2014. (#25). The motion seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to file the lawsuit within the applicable statute of limitations.

Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a thorough review of the law as it pertains to staying discovery when a dispositive motion is pending and held that, in light of the directive in Rule 1 to construe

---

[1] The Court anticipated the motion would be unopposed in light of the parties prior attempt to self-impose a stay of discovery. *See* Order (#14). Though the failure to file points and authorities in opposition to a motion constitutes consent to the granting of a motion (*see* Local Rule 7-2(d)), the failure does not compel granting of the motion. The Court may still exercise its discretion to address the unopposed motion on the merits.

the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach in the District of Nevada remains as previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653. Evaluation of a request for a stay often requires a magistrate judge to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 601. Staying discovery when a pending dispositive motion challenges fewer than all claims or does not apply to all defendants is rarely appropriate.

The preliminary issue regarding the statute of limitations is an important question. It is not, however, one that mandates the stay of discovery. Nevertheless, there is no indication that even limited discovery is necessary to resolve the statute of limitations question. It is the undersigned's view that a pending motion alleging that a suit was filed outside the applicable statute of limitations generally favors a stay of discovery unless specific, limited discovery is necessary. By self-imposing a stay of discovery and failing to oppose this motion for stay, Plaintiff has made clear his belief that no discovery is necessary. Accordingly, the Court will grant the stay of discovery. The parties shall meet and confer and submit a new discovery plan and scheduling order, if necessary, within fourteen (14) days after resolution of the motion to dismiss.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (#15) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and submit a new

discovery plan and scheduling order, if necessary, within fourteen (14) days after resolution of the motion to dismiss.

DATED: June 26, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**